```
UNITED STATES  DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,           :    09 Cr. 898 (CS)

        -v-                         :

BRIAN RUBEL,                        :

              Defendant.            :

------------------------------------X
```

## SENTENCING MEMORANDUM

                **DAVID E. PATTON, ESQ.**
                Federal Defenders of New York, Inc.
                52 Duane Street, 10th Floor
                New York, New York 10007
                Tel.: (212) 417-8744

                Attorney for Defendant
                  Brian Rubel

**PHILIP L. WEINSTEIN,**
  Of Counsel

TO:   **GEOFFREY S. BERMAN, ESQ.**
      United States Attorney
      Southern District of New York
      300 Quarropas Street
      White Plains, New York 10601

      Attn.:  **BENJAMIN RIAL ALLEE, ESQ.**
              **MICHAEL D. MAIMIN, ESQ.**
              Assistant United States Attorney

**Federal Defenders**
OF NEW YORK, INC.

Appeals Bureau
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392
www.federaldefendersny.org

David E. Patton
*Executive Director
and Attorney-in-Chief*

*Appeals Bureau*
Barry D. Leiwant
*Attorney-in-Charge*

June 21, 2018

Honorable Cathy Seibel
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street, Room 621
White Plains, NY 10601

    Re:  **United States v. Brian Rubel**
           **09 Cr. 898 (CS)**

Dear Judge Seibel:

    This memorandum is written in response to Government Memorandum (04/06/18) which petitions this Court to amend and replace Brian Rubel's special conditions of supervised release. In order for the special conditions to comply with the requirements of 18 U.S.C. §3583(d) they must be "reasonably related" to the factors considered when imposing a sentence; further, the conditions must "involve[]no greater deprivation of liberty than is reasonably necessary for the purposes" of imposing a sentence. (quoting 18 U.S.C § 3583(d)). When imposing special conditions, "a district court may not delegate to the Probation Department decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015).

    The Computer Monitoring Condition, as originally worded, is tainted by this impermissible vagueness, which gives too much discretion to the United States Probation Office ("Probation" or "Probation Office"). Thus, the Government's replacement recommendation is warranted. For the above-mentioned reasons, this Court should accept proposed conditions one, two, three, and seven. Proposed conditions four, five, and six fail to provide sufficient guidance to the Probation Office and, thus, should be rewritten to comply with the requirements of 18 U.S.C. § 3583(d).

```
Honorable Cathy Seibel                                June 21, 2018
United States District Judge                          Page 2
Southern District of New York
```

Re: <u>**United States v. Brian Rubel**</u>
    **09 Cr. 898 (CS)**

**Background**

The special conditions of supervised release at issue were originally imposed by this Court on November 19, 2010. (Indictment 09 Cr. 898). On September 14, 2016, after Rubel violated the terms of his supervised release, this Court imposed a sentence of 12 months' imprisonment followed by a life term of supervised release with the same special conditions as those from his November 19, 2010 sentence. (Violation Report 2).

On appeal, the Second Circuit remanded the case and ordered the parties and the Probation Office to "supplement the record ... [to] clarify whether the 'Computer/Internet Monitoring program' condition prohibits [Mr. Rubel] from accessing social media or the internet or both." (Appellate Docket 37, 53). The Second Circuit instructed that if such a prohibition was found, "the parties shall brief, for [this C]ourt's consideration, and [this C]ourt shall determine, whether the prohibition 'involves no greater deprivation than is reasonably necessary.'" (Appellate Docket 78 (quoting *United States v. Dupes*, 513 F.3d 338, 343-44 (2d Cir. 2008))).

On their face, the original prohibitions do not constitute a blanket ban on the internet, or, as in *Packingham v. North Carolina*, 137 S. Ct. 1730, 1737(2017), a complete ban on social media. Thus, the decision in *Packingham* does not directly affect Rubel. *Packingham* involved a general internet ban which remained in place even after Packingham had completed his sentence. *Id.* at 1737. Nevertheless, the special conditions of his supervised release must still conform to the aims of sentencing set out in 18 U.S.C. §3583(d).

As was discussed in this Court's November 13, 2017 conference, this special condition gave the Probation Office impermissible delegations of judicial authority over Rubel's supervised release. The Government acknowledged this and requested to replace Rubel's original terms of supervised release for a more streamlined version. (Govt. Mem. 04/06/18).

Honorable Cathy Seibel  June 21, 2018
United States District Judge  Page 3
Southern District of New York

Re: <u>United States v. Brian Rubel</u>
    09 Cr. 898 (CS)

Proposed conditions one, two, three, and seven are acceptable replacements. However, proposed conditions four, five, and six remain overly broad, giving too much discretion to the Probation Office.

**Disputed Terms of Supervised Release**

"A sentencing court may order a special condition of supervised release that is 'reasonably related' to several of the statutory factors governing the selection of sentences, 'involves no greater deprivation of liberty than is reasonably necessary' for several statutory purposes of sentencing, and is consistent with Sentencing Commission policy statement." (United States v. *Sofsky*, 287 F.3d 122, 126 (2d Cir. 2002) quoting 18 U.S.C. §3583(d)). Because proposed conditions four, five, and six do not conform to the requirements of 18 U.S.C §3583(d), we petition this Court to reject and replace government proposed conditions four, five, and six.

*Proposed Condition Four*

Proposed condition four should be rejected because it does not conform with the requirements of the fourth amendment. In order to comply, "the monitoring condition must be narrowly tailored, and not sweep so broadly as to draw wide swath of extraneous material into its net." *U.S. v. Lifshitz*, 369 F.3d 173, 190 (2d Cir. 2004). Proposed condition four allows the U.S. Probation Office to install "any application or software that allows it to survey and/or monitor all activity on any computer(s)" Rubel will use during his life term of supervised release. (Govt. Mem. 04/06/18).In addition, Rubel must "allow the probation officer to conduct initial and periodic unannounced examinations of any [d]evice(s) that are subject to monitoring." *Id*. Therefore, because of the overly broad scope of proposed condition four, it should be rewritten in a way that limits the Probation Office's monitoring activities.

Conditions of supervised release that infringe on a

supervisee's constitutional rights are permitted. *U.S. v. Knights*, 534 U.S. 112,119(2001). "[A] court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law abiding citizens." *Id*. The deprivation, however, must remain reasonably related to the sentencing purpose. In cases involving computer monitoring as a special condition, reasonableness can be attained by narrowing the scope of the computer monitoring program. *Lifshitz*, 369 F.3d at 188. In *Lifshitz,* Lifshitz was convicted of receiving child pornography and sentenced to probation by this Court. *Id*. at 175. The computer monitoring condition— implemented as a special condition of his supervised release— was held to be overly broad by the Second Circuit. *Id*. at 193. The condition indicated that "the defendant shall consent to the installation of systems that enable the probation office or designee to monitor and filter computer use, on a regular or random basis, on any computer owned or controlled by the defendant." *Id*. at 190-191. The Second Circuit analogized the continuous computer monitoring this condition allowed for to "searching his diary or inspecting his closets," a condition too broad and not reasonably related to Lifshitz's terms of supervised release. *Id*. at 192.

Monitoring programs can be implemented in a variety of forms. The court in *Lifshitz* recognized this and noted the difference in breadth, and reasonableness, different monitoring programs can have. *Id*. at 191. Comparing computer monitoring to permissible probationary drug testing, the Court described software which "alerted probation office only when Lifshitz was engaging in impermissible communications over e-mail or the Internet" as being comparable to permissible drug testing. *Id*. This was in contrast to the overly broad condition imposed on Lifshitz which was equivalent to a drug test where the Probation Office also screens urine "to ascertain all medical conditions from which the individual suffered or to figure out his or her favorite food." *Id*. Because the computer monitoring condition did not represent a "close and substantial relation" to Lifshitz's sentencing aims of rehabilitation and deterrence, the condition was vacated and remanded in hopes that the district court would implement an

Honorable Cathy Seibel                                    June 21, 2018
United States District Judge                              Page 5
Southern District of New York

      Re:  **United States v. Brian Rubel**
            09 Cr. 898 (CS)

appropriate and more narrowly tailored computer monitoring technique. *Id.* at 192-193.

    Proposed condition four, like the computer monitoring condition in *Lifshitz*, is too broad. According to the government, condition four is justified because Rubel used the internet to commit his offenses, and because he previously attempted to circumvent the monitoring condition. (Govt. Mem. 04/06/18). While it is not disputed that some monitoring is warranted, proposed condition four allows the Probation Office to monitor all of Rubel's computer activity, including that which has nothing to do with his conviction. This condition amounts to an intrusion of Rubel's privacy that goes far beyond what is necessary for sentencing purposes. Instead, this Court should implement a condition that specifies a scope of monitoring less broad than "all activity on any computer(s)." (Govt. Mem. 04/06/18) Thus, proposed condition four should be replaced for a more narrowly tailored computer monitoring condition.

    *Proposed Condition Five*

    Proposed condition five should also be rejected because it is "a greater deprivation of liberty than is reasonably necessary for [the] several statutory purposes of sentencing." *Sofsky*, 287 F.3d at 126. Further, this condition violates the due process requirement that "the conditions of supervised release be sufficiently clear to 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.'" *U.S. v. Simmons*, 343 F.3d 72, 81 (2d Cir. 2003) (quoting *U.S v. Cabot*, 325 F.3d 384, 385 (2d Cir. 2003)). Additionally, proposed condition five does not serve the sentencing objectives typically associated with an offense akin to that of Rubel. These objectives include, inter alia, "therapy and rehabilitation, as well as the welfare of the community." *United States v. Johnson*, 446 F.3d 272, 281 (2d Cir. 2006). Since proposed condition five would have the effect of overly restricting Rubel's access to the internet, it should be rejected.

Honorable Cathy Seibel  
United States District Judge  
Southern District of New York

June 21, 2018  
Page 6

Re: <u>United States v. Brian Rubel</u>  
09 Cr. 898 (CS)

Proposed Condition Five states:

> **5. Conditions Ensuring Compliance With Terms of Use**
>
> The defendant will not access any websites, chatrooms, instant messaging, or social networking sites where the defendant's criminal history—including this conviction—would render such access in violation of the terms of service of that website, chatroom, instant messaging, or social networking site.

(Govt. Mem. 04/06/18).

Allowing condition five to stand would unreasonably restrict Rubel's access to the internet. According to the Government, "[t]he individualized justification for this condition is that private sites have determined that certain individuals should be barred from using their sites, and such use is analogous to a digital trespass." (Govt. Mem. 04/06/18). However, this condition gives no regard to the fact that terms of service are often long, convoluted and non-intuitive. For instance, Facebook, a social networking site that does not allow convicted sex offenders to use their site, owns Foursquare, a social networking site premised on location sharing that has no such restriction. Kashmir Hill, <u>So Which Social Networking Sites Can Sex Offenders Actually Use?</u>, Forbes (June 21, 2012, 12:20 PM), https://www.forbes.com/sites/kashmirhill/2012/06/21/so-which-social-networking-sites-can-sex-offenders-actually-use/#4fa1f724cba4. Requiring Rubel to study the terms of service of every single website he seeks access to is a burdensome barrier that overly constrains Rubel's access to the internet. Thus, proposed condition five is an unreasonable special condition.

Proposed condition five also presents a due process violation. It places Rubel in a position where he could easily be found to have violated the terms of his supervised release

Honorable Cathy Seibel                                      June 21, 2018
United States District Judge                                Page 7
Southern District of New York

    Re:  <u>United States v. Brian Rubel</u>
         09 Cr. 898 (CS)

due to misreading, misunderstanding or misinterpreting a website's terms. Thus, this condition does not adequately signal "what conduct will constitute a violation," and creates due process issues. *Simmons*, 343 F.3d at 81. Considering private entities draft their own terms of service, said private entities should be the ones to monitor and enforce such restrictions. Ultimately, a condition dealing exclusively with the terms of service of a private entity cannot be said to be reasonably related to Rubel's sentencing goals.

*Proposed Condition Six*

    Special conditions must not be vague or overly broad. They cannot be worded in a way that allow probation officers ". . . to decide the nature or extent of the defendant's punishment." *Matta*, 777 F.3d at 123. The Probation Office is to implement and enforce the conditions of supervised release set by this Court, not set the conditions itself. *Id*. at 122. Proposed condition six should be rewritten or replaced since it gives the Probation Office too much discretion over one of Rubel's special conditions of supervised release. Proposed conditions six currently states:

> 6. **Conditions Ensuring Rubel's Ability to Comply With Other Conditions**
>
> The defendant will inform the U.S. Probation Office prior to accessing any website for the first time, and will not access any such websites until access is approved by the U.S. Probation Office. The U.S. Probation Office must timely approve any such access unless such access is otherwise barred by terms of the defendant's supervised release.

(Govt. Mem. 04/06/18).

    Condition six has the potential to act as a temporary blanket ban on internet access, a condition this Court did not

Honorable Cathy Seibel  
United States District Judge  
Southern District of New York

June 21, 2018  
Page 8

Re: <u>United States v. Brian Rubel</u>  
    <u>09 Cr. 898 (CS)</u>

intend when it implemented the Computer Monitoring Program. (11/13/17 Tr. 6). Although blanket internet bans are permissible, they should not be imposed when monitoring is sufficient. *Sofsky*, 287 F.3d at 127. With the imposition of condition six, Rubel would be denied access to the internet until his Probation Officer decides—website by website—that such access is permissible. Although the condition stipulates this must be done in a timely manner, it gives too much discretion to the probation officer to decide what a "timely" manner entails.

Essentially, condition six denies Rubel access to every website until his Probation Officer decides otherwise. Surely, a website to purchase academic books—say Textbooks.com—should not need pre-approval by a probation officer before Rubel can visit the site. To require pre-approval for all websites, no matter how unrelated they are to his criminal history, is to start from a blanket ban which is only removed at the discretion of his Probation Officer.

Instead, this Court should narrowly tailor this condition by specifying categories of websites that are off limits or need pre-approval while relying on monitoring for the rest of the internet. For example, social media, chatrooms, and any website falling within the definition of pornography as defined in condition two could be categories which require pre-approval. Although this categorical approach could encounter issues when a website does not easily fit into a category, a probation officer, through their monitoring efforts, would still have the final call on whether a website can be accessed or not. Therefore, in order to avoid giving Rubel's Probation Officer too much discretion, this Court should replace condition six with a more narrowly tailored condition.

**Conclusion**

For the above-mentioned reasons, this Court should accept the Government's recommendation seeking to amend and replace Rubel's special conditions of supervised release. Special

Honorable Cathy Seibel                                June 21, 2018
United States District Judge                          Page 9
Southern District of New York

    Re:   <u>United States v. Brian Rubel</u>
         09 Cr. 898 (CS)

conditions one, two, three, and seven are acceptable. However, because proposed conditions four, five, and six give too much discretion to Rubel's Probation Officer, they should be rewritten or replaced.

                                    Respectfully submitted,

                                    Philip L. Weinstein
                                    Assistant Federal Defender
                                    Tel.: (212) 417-8744

cc: All Counsel